WESTINGHOUSE AIR BRAKE CO. v. UNITED STATES

No. 6557.—Invoices dated Sherbrooke, Quebec, Canada, August 5, 1944, etc. Certified August 1944, etc. Entered at Pittsburgh, Pa., September 8, 1944, etc. Entry Nos. 115; 827.

(Decided November 26, 1946)

*Jerome G. Clifford* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*John J. McDermott* and *Howard L. Harawitz*, special attorneys), for the defendant.

COLE, Judge: These appeals for reappraisement concern the statutory cost of production, section 402 (f) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (f)), of monel metal liners imported at the port of Pittsburgh by the Westinghouse Air Brake Co. of Wilmerding, Pa., from the Superheater Co., Ltd., of Sherbrooke, Quebec, Canada. The imported merchandise is used exclusively by the importer (plaintiff) in locomotive boiler feed water pumps as a resistant to corrosion.

Section 402 (f), *supra*, defines cost of production as follows:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or

production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

In an affidavit (plaintiff's exhibit 1), executed by the office manager of the Canadian exporter, who is familiar with the manufacturing costs of his company, the witness sets forth as follows, the cost per unit of producing these monel metal liners "at a time preceding each of the respective dates of exportation of the involved shipments which would ordinarily permit the manufacture or production of such merchandise in the usual course of business":

### Reappraisement 158178–A (Entry 115 of September 8, 1944)

(1) Cost of materials of, and of fabrication and manipulation employed in the manufacture of the aforesaid merchandise_ Can. $7. 494

(2) Usual general expenses_____ . 893

(3) Cost of containers and coverings and all other costs, charges, and expenses incident to placing the aforesaid merchandise in condition, packed ready for shipment to the United States_____ . 0414

(4) Profit_____ . 842

Canadian dollars_____ 9. 2704

### Reappraisement 158179–A (Entry 827 of June 21, 1944)

(1) Cost of materials of, and of fabrication and manipulation employed in the manufacture of the aforesaid merchandise_ Can. 6. 66

(2) Usual general expenses_____ . 666

(3) Cost of containers and coverings and all other costs, charges and expenses incident to placing the aforesaid merchandise in condition, packed ready for shipment to the United States_____ . 06

(4) Profit_____ . 738

Canadian dollars_____ 8. 124

The customs agent's report (defendant's exhibit 2) cannot be accepted as a contradiction to plaintiff's showing. The alleged cost of production set forth therein is a computation from cost sheets covering a period of 4 months (April, May, June, and July 1944). Fur-

thermore, the figures are given under the general captions "Total material," "Labor," and "Overhead," an itemization that is not to be regarded as comparable with or representative of the details mentioned in section 402 (f), *supra*, that have been closely followed in plaintiff's proof.

On the record before me, I hold the cost of production, section 402 (f), *supra*, of the monel metal liners in question to be as shown by plaintiff and as hereinabove set forth. Judgment will be rendered accordingly.